UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ALTON MARTIN                                                                                    PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 1:18CV167-HSO-RHW

COMMISSIONER OF SOCIAL SECURITY                                          DEFENDANT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Before the Court is Plaintiff Alton Martin's complaint seeking review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits and supplemental security income.  Plaintiff alleges disability beginning April 16, 2016, due to diabetes, high blood pressure, heart problems, a broken right leg, learning problems, right wrist problems, arthritis, depression, pancreas problems, dizziness, blurred vision, and hearing problems.  Doc. [9] at 17, 158-61, 192.  Plaintiff was 39 years old at the alleged onset of disability with a 9th grade education and past relevant work experience as a construction worker.  *Id.* at 23, 236-37.

Plaintiff's application for benefits was denied initially and on reconsideration.  *Id.* at 118-20, 128-31.  He requested and was granted a hearing before an Administrative Law Judge (ALJ). *Id.* at 14-25, 136-38, 156.  The ALJ issued a decision on November 1, 2017, finding that Plaintiff had severe impairments of post-filon fracture and obesity.  *Id.* at 17.  Despite these severe impairments, the ALJ determined that Plaintiff maintained the residual functional capacity (RFC) to perform a full range of sedentary work.  *Id.* at 20.  The ALJ further found that Plaintiff was unable to perform his prior work as a construction worker; however, relying in part on testimony from a vocational expert, the ALJ determined that Plaintiff could perform jobs that exist in significant numbers in the national economy, namely document preparer, cutter/paster, and call-

out operator. *Id.* at 23-24. Accordingly, the ALJ concluded that Plaintiff was not disabled. *Id.* at 25.

Plaintiff requested a review of the ALJ's decision with the Appeals Council. *Id.* at 4. The Appeals Council denied the request. *Id.* Plaintiff then filed the instant complaint seeking judicial review of the ALJ's decision. The parties have filed briefs in support of their respective positions. Doc. [10] & [14]. Plaintiff argues that (1) the ALJ failed to properly evaluate the opinion of Plaintiff's treating orthopedic surgeon, Jeffrey Brewer, M.D.; and (2) the ALJ's RFC is not supported by substantial evidence. Doc. [10]. The two issues raised by Plaintiff tend to collapse into each other, because he argues that the ALJ's RFC is contrary to Dr. Brewer's opinion regarding Plaintiff's ability to work on a regular and continuing basis.

## Law and Analysis

The federal district court reviews the Commissioner's decision only to determine whether the final decision is supported by substantial evidence and whether the Commissioner used the proper legal standards to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). If the court determines the Commissioner's decision to be supported by substantial evidence, then the findings are conclusive and the court must affirm the decision. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). *See also* 42 U.S.C. § 405(g). This standard requires supporting evidence that is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court is not permitted to "reweigh the evidence in the record, nor try any issues de novo, nor substitute our judgment for the judgment of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision."

*Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). "'Conflicts in the evidence are for the [Commissioner] and not the courts to resolve.'" *Brown*, 192 F.3d at 496 (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)). While the court may alter the Commissioner's decision if based upon faulty legal analysis, the court should defer to the Commissioner's legal conclusions if they are within a permissible meaning of the statutory or regulatory language. *Chevron, U.S.A., Inc. v. National Resources Defense Council*, 467 U.S. 837, 843–44 (1984).

A claimant bears the burden of proving the existence of a medically determinable impairment that has prevented the claimant from engaging in substantial gainful employment. 42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 423 (d)(5). The Social Security Administration (SSA) utilizes a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a), § 404.920(a). Under this analysis, the ALJ may decide a claimant is disabled if he finds that (1) the claimant is not employed in substantial gainful activity; (2) the claimant has a severe, medically determinable impairment; (3) the claimant's impairment meets or equals one of the listings in appendix 1 to subpart P of § 404; (4) the impairment prevents the claimant from performing any past relevant work; and (5) the impairment prevents the claimant's ability to adjust to performing any other work. *Id.*

The claimant initially bears the burden of proving disability under the first four steps, but the burden shifts to the SSA for the fifth step. *Chapparo v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987). Therefore, if the claimant proves that he is unable to perform past relevant work, the SSA must demonstrate that the claimant can perform another occupation that exists in significant numbers in the national economy. The burden then shifts back to the claimant to establish that he cannot perform this alternative employment. *Id.*

**Evaluation of Treating Physician's Opinion**

Plaintiff argues that the ALJ did not properly evaluate the opinion of Dr. Brewer, his treating physician. Specifically, he argues that the ALJ failed to identify contradictory findings or perform the required analysis when discounting Dr. Brewer's opinion; therefore, the ALJ should have conducted the six-factor analysis required by *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000). The Commissioner responds that the ALJ gave "some weight" to Dr. Brewer's medical opinion and that the ALJ's finding that Plaintiff is capable of performing a full range of sedentary work is generally consistent with Dr. Brewer's opinion.

When considering whether a claimant is disabled, the Commissioner considers the medical evidence available, including medical opinions. *See* 20 C.F.R. § 416.927(b). Ordinarily the opinions, diagnoses, and medical evidence of a treating physician should be accorded considerable weight in determining disability. *Perez v. Barnhart*, 415 F.3d 457, 465-66 (5th Cir. 2005); *Newton*, 209 at 455. The treating physician's opinion on the nature and severity of impairments will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence. *Newton*, 209 F.3d at 455. Before declining to give controlling weight to a treating physician, the ALJ must consider the factors set forth at 20 C.F.R. § 404.1527(d)(2): (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. Absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of

the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527, 419.927. *Newton*, 209 F.3d at 453. The ALJ is free to assign little or no weight to the opinion of any physician for good cause. *Newton*, 209 F.3d at 455-56. Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the physician's evidence is conclusory; is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques; or is otherwise unsupported by the evidence. *Id.* A treating physician's opinion may be rejected when the evidence supports a contrary conclusion. *Martinez*, 64 F.3d at 176.

In the instant case, the ALJ gave "some weight" to Dr. Brewer's opinion because his findings were generally consistent with the ALJ's own conclusion that Plaintiff could perform sedentary work. Doc. [9] at 23. Specifically, Dr. Brewer opined that Plaintiff would be unable to perform heavy work activities required for his past work; however, Dr. Brewer opined that Plaintiff could sit at least six hours in an eight-hour workday; did not need a job that permitted shifting positions at will between sitting, standing, and walking; did not require walking breaks during an eight-hour workday; would not need to take unscheduled breaks during the workday; could rarely lift up to ten pounds; and displayed no limitations with reaching, handling, or fingering. *Id.* at 770-73. The ALJ declined to give controlling weight to Dr. Brewer's opinion regarding how often Plaintiff is likely to be absent from work. *Id.* at 23, 773.

**Ability to Perform Work on Regular and Continuing Basis**

Plaintiff argues that the ALJ's RFC was not supported by substantial evidence because the record does not include a medical opinion that Plaintiff is able to engage in a full range of sedentary work. Plaintiff argues that he is unable to perform work on a regular and continuing basis and cites to Dr. Brewer's opinion regarding absenteeism. Plaintiff further asserts that the ALJ relied on her own unsupported medical opinion as to the limitations presented by Plaintiff's

5

medical conditions. In response the Commissioner does not argue whether substantial evidence supports the ALJ's conclusion that Plaintiff is capable of performing work on a regular and continuing basis. Rather, the Commissioner merely argues Dr. Brewer's statement that Plaintiff would likely have four or more work absences per month is an issue reserved to the Commissioner. Contrary to the Commissioner's blithe treatment of the topic, the question appears to be unsettled. Some courts have found treating physician opinions regarding predicted work absences do no constitute "medical opinions", while other courts have presumed that such opinions do constitute "medical opinions". *See Garneau v. Berryhill*, 2018 WL 1401793, at *2 (D.N.H. Mar. 19, 2018); *Chhay v. Colvin*, 2014 WL 4662024, at *6-7 (N.D.Ohio Sept. 17, 2014).

The ability to work on a regular and continuing basis is one of the considerations required of an ALJ when making an RFC evaluation. *See Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003); *Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003). "Usually, the issue of whether the claimant can maintain employment for a significant period of time will be subsumed in the analysis regarding claimant's ability to obtain employment." *Frank*, 326 F.3d at 619. Inherent in every RFC assessment is a finding that the claimant can perform work on a regular and continuing basis. *Dunbar*, 330 F.3d at 671. As the Fifth Circuit has held, mere evidence of "good days and bad days" does not of itself establish an impairment sufficient to require an explicit finding on maintaining employment. *See Perez*, 415 F.3d at 465. The Fifth Circuit "requires a situation in which, by its nature, the claimant's physical ailment waxes and wanes in its manifestation of disabling symptoms" *See Frank*, 326 F.3d at 619.

The ALJ declined to give controlling weight to Dr. Brewer's opinion regarding Plaintiff's absenteeism from work. In the Medical Source Statement, Dr. Brewer indicated that Plaintiff's impairment is "likely to produce 'good days' and 'bad days'" and that Plaintiff is likely to be

6

absent from work more than four days per month as a result of his impairment or treatment. Doc. [9] at 773. The ALJ considered and discussed Plaintiff's ability to perform work activities on a regular and continuing basis. She found that Plaintiff was capable of sedentary level exertion and found that, although additional surgery has been planned, "there is no evidence any inability to perform sedentary work will be sustained". Doc. [9] at 22. She also considered Dr. Brewer's opinion that Plaintiff would have four or more work absences but did not give this conclusion significant weight "as those parts of the opinion lack specific support in the record, particularly to the extent such limitations would be sustained for any twelve-month period." Doc. [9] at 23.

      An ALJ is not allowed to rely on his or her own unsupported medical opinions as to the limitations presented by a claimant's medical conditions. *Ripley*, 67 F.3d at 557 n.27. When determining a claimant's RFC, "[a]n ALJ may not—without the opinions from medical experts—derive the applicant's residual functional capacity based solely on the evidence of his or her claimed medical conditions. Thus, an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions." *Williams v. Astrue*, 355 Fed. App'x 828, 832 n. 6 (5th Cir. 2009). In this case, the only physician to offer an opinion (Plaintiff's treating specialist) concluded that Plaintiff's condition would cause him to miss four or more days of work per month. The ALJ rejected this opinion but without identifying any contrary medical opinion to support this RFC determination. Significantly, the vocational expert testified that if Plaintiff were to miss three or more days of work per month due to flare-ups of his condition, he would not be able to maintain competitive employment at any level. Doc. [9] at 87. Other courts likewise have concluded that such a limitation, when assessed by a treating physician, would preclude a claimant from working on a regular and continuing basis. *See*

7

*Leroux v. Astrue*, 2012 WL 4442409, *3-4 (N.D.Tex. Aug. 27, 2012); *Pearson v. Astrue*, 2012 WL 3044296, at *9 (N.D.Ohio June 25, 2012); *Ploesser v. Apfel*, 2000 WL 92811 at *15-18 (D.Or. Dec. 11, 1998).

In rejecting the treating physician's conclusion regarding the effects of Plaintiff's condition on absenteeism, the ALJ did not identify any competing medical opinion evidence or conduct the required six-step analysis for rejecting the treating physician's opinion. Based on the treating physician's uncontradicted medical opinion, Plaintiff would be likely to miss four or more days of work per month as a result of his condition. In her decision, the ALJ identified at most an ambiguity as it relates to Dr. Brewer's opinion regarding absenteeism, i.e. whether Plaintiff's absenteeism would be sustained for any twelve-month period. This ambiguity might require further clarification from the treating physician or by gathering additional medical opinion evidence. The ALJ's rejection of Dr. Brewer's opinion regarding Plaintiff's ability to work on a regular and continuing basis casts doubt as to whether substantial evidence exists to support the ALJ's RFC finding. *See Williams*, 355 Fed. App'x at 832; *Nordin v. Commissioner, SSA*, 2018 WL 1536897, at *6 (E.D.Tex. Mar. 28, 2018).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the decision of the Commissioner be REVERSED and REMANDED for further consideration.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the

District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 14th day of June 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE